UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAMELA WINTER,<br><br>                    Plaintiff,<br><br>          -against-<br><br>MID-FIRST BANK, et al.,<br><br>                    Defendants. | 25-CV-0370 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction and diversity of citizenship jurisdiction. Plaintiff previously filed a substantially similar complaint, naming as defendants many of the same individuals she names in this action. *See Winter v. Fay*, No. 24-CV-7643 (LTS) (S.D.N.Y.) ("*Winter I*"). In *Winter I*, the Court granted Plaintiff's *in forma pauperis* ("IFP") application, and the matter is currently pending before the Court.

Because these two actions involve the same set of facts, and name as defendants some of the same individuals, the Court directs the Clerk of Court to file the complaint in this action (ECF 1) as a supplemental complaint in *Winter I*.

## BACKGROUND

Plaintiff, who resides in Jefferson Valley, Westchester County, New York, brings this action against (1) Mid-First Bank, which appears to be an Oklahoma-based institution; (2) three New York residents, Richard P. Fay, Ashley Marie Pascuzzi, and Anthony J. Rooney; and (3) three Oklahoma residents, Jason Spencer, Nicole Gazzo, and Amy E. Polowy. In *Winter I*, Plaintiff also names as defendants Fay, Pascuzzi, Rooney; she does not name Mid-First Bank, Spencer, Gazzo, or Polowy; but she does name Judge Thomas Quinones, a New York judge, and

nine additional individuals defendants, all of whom reside in Oklahoma: Mohamed Njoua, Timothy Idoni, G. Jeffrey Records, Jr., Scott Smith, Todd Dobson, Ken Clark, Lauren Eger, Madison Graspo, and Susan Richardson.

Both actions concern the foreclosure of Plaintiff's property located at 3811 Wood Street, in Jefferson Valley. Plaintiff claims in both actions that the mortgage on the property was fraudulent. Because both actions concern the same set of facts and name some of the same defendants, no useful purpose would be served by litigating this new action. Rather, the complaint in this action, which names Mid-First as a defendant, should be heard in *Winter I*. The Court therefore directs the Clerk of Court to file the complaint as a supplemental pleading in *Winter I*. The Clerk of Court shall close this action and dismiss the claims against the named defendants without prejudice to Plaintiff's pursuing these claims in *Winter I*.

## CONCLUSION

The Court directs the Clerk of Court to file the complaint in this action (ECF 1) as a supplemental pleading in *Winter v. Fay*, No. 24-CV-7643 (LTS) (S.D.N.Y.). The Clerk of Court shall close this action and dismiss the claims against the named defendants without prejudice to Plaintiff's pursuing these claims in *Winter I*.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   January 17, 2025
         New York, New York

                                               /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                            Chief United States District Judge